**YUE QI LI, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–72514.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2008.

Filed Aug. 28, 2008.

Alyson Decker, Esquire, D. Barclay Edmundson, Esquire, Seth Freilich, Esquire,

Orrick Herrington & Sutcliffe, LLP, Los Angeles, CA, for Petitioner.

Katharine E. Clark, Esquire, Dov Lutzker, Esquire, Eric Warren Marsteller, Esquire, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, MINER,* and BERZON, Circuit Judges.

MEMORANDUM **

Yue Qi Li, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. Reviewing for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), we deny the petition for review.

Assuming without deciding that Li's asylum application was timely filed, we nevertheless conclude that the agency's adverse credibility determination is adequately supported by the record. The letter Li submitted from Alhambra True Light Presbyterian Church to substantiate the

---

* The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

religious basis of his claim contains undisputedly false representations. Li did not adequately explain why he submitted this inauthentic letter or claim that he was unaware of its contents. *Cf. Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004). Similarly, the certificate of baptism was concededly not accurate: Li testified he obtained the document after applying for asylum, yet the certificate has an issuance date several years earlier, and is from a church other than the one in which Li stated he had been baptized. Nor does the certificate indicate how the issuing church was aware of a baptism that had, according to Li, taken place elsewhere.

Moreover, it is significant that Li obtained both the letter and certificate locally, after he left China. Their American origin obviates concerns about foreign documentation practices, translation errors, or the difficulty of knowing the origins of documents obtained by others abroad. *Cf. Lin v. Gonzales,* 434 F.3d 1158, 1163 (9th Cir.2006) (rejecting "speculation as to what [a foreign] document should look like").

In these circumstances, the agency was not required to credit the remainder of Li's evidence. Even in light of all the evidence Li presented, a reasonable factfinder would not be compelled to find him credible. *See Kaur v. Gonzales,* 418 F.3d 1061, 1066, 1068 (9th Cir.2005). The agency therefore properly denied Li's relief applications. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**